Defendant Reginald Snelling appeals a judgment of the Court of Common Pleas of Richland County, Ohio, which found he had violated his probation, and imposed the maximum prison term. Appellant assigns three errors to the trial court:
ASSIGNMENTS OF ERROR
 I. THE TRIAL COURT ERRED IN IMPOSING THE MAXIMUM SENTENCE ALLOWABLE UNDER THE LAW OF THE STATE OF OHIO FOR A SINGLE OFFENSE.
 II. THE TRIAL COURT'S FINDING THAT APPELLANT VIOLATED PROBATION BY NOT SUCCESSFULLY COMPLETING THE V.O.A. HALFWAY HOUSE PROGRAM WAS AGAINST THE MANIFEST WEIGHT OF EVIDENCE.
 III. APPELLANT WAS DENIED COMPETENT REPRESENTATION IN VIOLATION OF THE SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL FAILED TO PRESENT A DEFENSE OR ANY EVIDENCE OR TESTIMONY AT THE PROBATION VIOLATION HEARING.
The record indicates appellant pled guilty to a single count of domestic violence, a fifth degree felony, on August 11, 1997. The trial court sentenced appellant to community control pursuant to the plea agreement, and ordered as conditions of probation the standard conditions, plus intensive probation, participation in the Volunteers of America Halfway House, full employment, participation in the domestic violence, and GED programs, random drug and alcohol testing and restrictions on contact with women, especially with the victims. The appellant was to begin his sentence upon release from prison on a prior case. When appellant completed the prior sentence, an adult parole authority officer interviewed him prior to placement in the Volunteers of America Halfway House Sex Offender's Program. The officer asked appellant to agree to the specific conditions of the halfway house prior to placement. One of the conditions was appellant had to provide his own personal hygiene items, clothing, and supplies. Appellant informed the parole officer he agreed, but needed several days after his released from jail before reporting to the halfway house in order to acquire the personal items he needed there. The officer filed a probation violation complaint against appellant for refusing to complete the Volunteers of America Halfway House Sex Offender's Program, and the court found appellant had violated the conditions of his community control sentence.
The trial court imposed the maximum sentence for the fifth degree felony, one year, because it found pursuant to R.C.2929.14 that the appellant had committed the worst form of the offense. Specifically, at the hearing on the probation violation, the court informed appellant he was the worst woman abuser and beater he had ever seen in the county, and no one's record could match appellant's. The court detailed at some length the abuse the appellant had most recently inflicted on a woman, which included burning her eye with a cigarette, punching her in the face and head, striking her head on the steering wheel of her car, and tearing the rear view mirror off of the windshield and striking her with it. The following day, upon learning the victim intended to file a complaint against him, appellant smashed the victim's head against the freezer and kicked her. The court noted that this was not the first offense, but that the appellant had a long record of assaulting various women, resisting arrest, telephone harassment, destroying a telephone line junction box at the battered women's shelter, threatening to kill people, gross sexual imposition, and extensive other offenses. The court informed appellant it had attempted to assist him in rehabilitating himself, but appellant had shown no inclination to accept help.
The trial court has broad discretion to determinate what sentence is appropriate in a given case, see State v. Ramierez
(1994), 98 Ohio App.3d 388. Because this sentence is within the statutory guidelines set forth in R.C 2929.14, this court may not reverse unless we find the trial court abused its discretion. The term abuse of discretion implies the court's attitude is unreasonable, arbitrary or unconscionable, seeState v. Adams (1980), 62 Ohio St.2d 151. Based upon our review of the dialogue at the sentencing hearing, this court cannot find the court's attitude is unreasonable, arbitrary or unconscionable.
The first assignment of error is overruled.
 II
In his second assignment of error, appellant argues he did not violate the conditions of his probation, because he was still in the Richland County Jail, and had not yet been released into community control. There were no probation rules or conditions in existence at the time, and appellant alleges he was confused about the special conditions of his probation.
We do not agree with appellant that he had not yet been released in community control, and thus, could not violate the conditions of release. The court had clearly explained to appellant the various conditions of parole, including successfully completing the Volunteers of America Halfway House Sex Offender's Program. The record demonstrates appellant did not successfully complete the program, and was unwilling to even begin it. Furthermore, his demand he be released for a few days before reporting to the halfway house was unreasonable given his past history of violence and for retaliating against his victims who filed charges.
We find the trial court did not err in finding the appellant violated the conditions of community control, such that the court was entitled to conclude appellant had violated the terms of his probation.
 III
In his third assignment of error, appellant argues he was deprived of the effective assistance of counsel in the probation violation hearing.
In Strickland v. Washington (1984), 466 U.S. 668, the United States Supreme devised a two-prong test requiring an appellant to show both that his counsel's representation fell below an objective standard of essential duty to the client, and also that the substandard performance actually prejudiced the appellant's ability to receive a fair and reliable trial. The Ohio Supreme Court has adopted the two-prong test in State v.Bradley (1989), 42 Ohio St.3d 136.
Appellant argues defense counsel failed to present appellant's testimony or any other evidence to show appellant had not violated any condition of probation, and that appellant had agreed to participate in the Volunteers of America Halfway House Sex Offender's Program. Appellant argues he was substantially prejudiced because, had defense counsel presented the evidence appellant was merely confused regarding the conditions of his probation, the outcome of the hearing would have been different.
At the hearing, the probation officer testified regarding his conversation with the appellant about the halfway house. The State asserts even if appellant had taken the stand, the court still had the evidence of Officer Streley, from which it could have found appellant did violate his community control conditions. Thus, the State argues even if counsel was ineffective in not challenging the State's allegations more vigorously, appellant was not prejudiced.
We have reviewed the record, and we find appellant's arguments are unconvincing. Given the court's assertions at the sentencing hearing, and at the probation violation hearing, this court is unconvinced defense counsel was ineffective, and could have produced a different result.
The third assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
By Gwin, J., Wise, P.J., and Reader, V.J., concur
--------------------
--------------------
 -------------------- JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed and the cause is remanded to that court for execution. Costs to appellant.
--------------------
--------------------
 -------------------- JUDGES